IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>DANIEL T. KUTA,<br><br>　　　　　　　Defendant. | 4:14-CR-3086<br><br>AMENDED PRELIMINARY<br>ORDER OF FORFEITURE |

　　　This matter is before the Court on the plaintiff's Amended Motion for Issuance of Preliminary Order of Forfeiture (filing 48). The defendant has pleaded guilty to the sole count of the indictment, which charged the defendant with a violation of 21 U.S.C. §§ 841(a)(1) and 846. Filing 1. The indictment also contained a forfeiture allegation seeking the forfeiture, pursuant to 21 U.S.C. § 853, of certain United States currency seized on or about December 28, 2013, on the basis that this currency was used to facilitate the commission of the crime charged or was derived from proceeds obtained, directly or indirectly, as a result of that offense. Filing 1. At the change of plea hearing, the defendant admitted that the amount of money being forfeited was $35,000, which was an amount recovered from a safe deposit box in his name. Filing 25 at 4, 23–26.

　　　The Court previously entered a Preliminary Order of Forfeiture based on this amount. Filing 30. At sentencing, however, the government acknowledged that it was also seeking the forfeiture of $3,410 in United States currency found during a search of Kuta's apartment.[1] *See* filing 46; PSR at ¶ 18. Defendant had no objection to the forfeiture of this additional amount, and the parties agreed that the Court should issue an amended preliminary order of forfeiture.

　　　The defendant has pleaded guilty to the crime alleged and admitted the forfeiture allegation. *See*, filing 21 at 1; filing 25 at 4, 23–26; filing 28. By virtue of pleading guilty to the charge and admitting the forfeiture allegation, the defendant has forfeited his interest in the properties described above, and the plaintiff is entitled to possession of these properties pursuant to 21 U.S.C. § 853. Accordingly,

---

[1] In its pending motion, the government states that this was $3,510 in cash, with no explanation for the discrepancy between this and the amount stated in the PSR. At sentencing, the parties consented (with some exceptions not relevant here) to the Court's adoption of the facts stated in the PSR. *See* filing 46. So, the Court will use the lesser amount stated in the PSR.

IT IS ORDERED:

1. The plaintiff's Amended Motion for Issuance of Preliminary Order of Forfeiture (filing 48) is granted.

2. Based upon the defendant's guilty plea and admission of the forfeiture allegation of the indictment, the plaintiff is authorized to seize the $35,000 and $3,410 in United States currency described above.

3. The defendant's interest in these properties is forfeited to the plaintiff for disposition in accordance with law, subject to the provisions of 21 U.S.C. § 853(n)(1).

4. The properties are to be held by the plaintiff in its secure custody and control.

5. Pursuant to 21 U.S.C. § 853(n)(1), the plaintiff shall publish for at least 30 consecutive days on an official Internet government forfeiture site (www.forfeiture.gov) notice of this order, notice of publication evidencing the plaintiff's intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in the properties must file a petition with the Court within 30 days of the final publication of notice or of receipt of actual notice, whichever is earlier.

6. Such published notice shall state that the petition referred to in paragraph 5, above, shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the properties and any additional facts supporting the petitioner's claim and relief sought.

7. The plaintiff may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties as a substitute for published notice as to those persons so notified.

8.  Upon adjudication of all third-party interests, this Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

Dated this 11th day of December, 2014.

BY THE COURT:

John M. Gerrard
United States District Judge