IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:14-CR-3086 |
| vs. | |
| DANIEL T. KUTA, | MEMORANDUM AND ORDER |
| Defendant. | |

    This matter is before the Court on the defendant's *pro se* motion for compassionate release (filing 65) and the supplemental motion for compassionate release (filing 69) filed by the Federal Public Defender, seeking a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Court has given careful consideration to the defendant's circumstances, but concludes that reducing the defendant's sentence is unsupported by the 18 U.S.C. § 3553(a) factors. Accordingly, the defendant's motions will be denied.

    Pursuant to § 3582(c)(1)(A)(i), a defendant may (after exhausting his administrative remedies) move for reduction of his term of imprisonment based upon "extraordinary and compelling reasons." The Court, after considering the factors enumerated in 18 U.S.C. § 3553(a), may grant the motion if extraordinary and compelling reasons warrant the reduction, and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id*. And pursuant to U.S.S.G. § 1B1.13(2),[1] the Court

---

[1] Section 1B1.13 has not been amended in response to the statutory changes wrought by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194 (2018), and so no longer remains "applicable" guidance for the current version of § 3582(c)(1)(A)(i), but the Court may

must also find that the defendant is not a danger to the safety of any other person or to the community.

The defendant has exhausted his administrative remedies, 30 days having passed since his request for release was presented to the warden of his institution. Filing 65 at 12-13; *see Jenkins*, 2020 WL 2814437, at *2. And the Court acknowledges that the defendant's argument is well-supported by medical evidence: the defendant's age and history of severe heart disease are well-established comorbidities for COVID-19 disease. *See generally Scientific Evidence for Conditions that Increase Risk of Severe Illness*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/evidence-table.html (last visited July 28, 2020).

But the defendant's criminal history is as serious as his medical history. Not to put too fine a point on it, but the defendant has (unless incarcerated) been committing crimes for the better part of three decades. *See* filing 43 at 9-14. He's served only a little more than 6½ years of a nearly 20-year sentence. *See* filing 49. And it's hard for the Court to be sanguine about releasing the defendant to home confinement or a community correctional facility as a condition of supervised release when the defendant doesn't seem to have successfully completed a term of probation or parole in the past 30 years. *See* filing 43 at 10-12.

To be blunt, when a sentencing court imposes a term of 235 months on a 58-year-old man with heart disease, it's not doing so with an expectation that the defendant is going to be leaving prison as a young, healthy man. There is little rehabilitative purpose to be served by such a sentence. Rather, the Court does so based on a reasoned determination that protecting the public requires

consider the criteria set forth in § 1B1.13 to the extent they remain helpful and relevant. *United States v. Jenkins*, No. 4:15-CR-3079, 2020 WL 2814437, at *3 (D. Neb. May 26, 2020).

the defendant to be locked up for what is likely to be a significant amount of the remainder of his life. COVID-19 doesn't change that. The Court hopes that the Bureau of Prisons is doing what it can to protect the defendant from a disease to which he is obviously vulnerable—as is its obligation under the Eighth Amendment. *See Farmer v. Brennan,* 511 U.S. 825, 828-29 (1994). But the defendant's heart disease—which was well-documented at the time of sentencing—provides no basis to reduce his sentence when the § 3553(a) factors weigh as much in favor of imprisonment today as they did when the Court pronounced sentence. Accordingly,

> IT IS ORDERED that the defendant's *pro se* motion for compassionate release (filing 65) and supplemental motion for compassionate release (filing 69) are denied.

Dated this 31st day of July, 2020.

BY THE COURT:

John M. Gerrard
Chief United States District Judge